NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEYVIS GAMALIEL VASQUEZ-SALAZAR,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, *et al.*<br><br>Respondents. | No. 25-cv-17195<br><br>ORDER |

**CECCHI, District Judge.**

Before the Court is Petitioner Deyvis Gamaliel Vasquez-Salazar's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1 ("Pet."). Respondents filed an answer (the "Answer"), ECF No. 4 ("Answer"), and Petitioner replied (the "Reply"), ECF No. 5 ("Reply"). The Court decides this matter without oral argument. Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons stated below, the Court finds that Petitioner is entitled to habeas relief in the form of a bond hearing in accordance with 8 C.F.R. § 236.1(c)(8) and (d)(1).

**WHEREAS** Petitioner is a nineteen-year-old native and citizen of Guatemala. Pet. ¶ 1. He entered the United States without inspection near El Paso, Texas, on or about March 30, 2023, when he was sixteen years old. *Id.* ¶ 14; ECF No. 1-2 at 16–18 (Ex. B, Notice to Appear); and

1

**WHEREAS** Petitioner was classified as an "unaccompanied alien child" ("UAC") under 6 U.S.C. § 279(g)(2).[1]  Pet. ¶ 15.  Petitioner was then placed in a residential program in El Paso Texas, until the Office of Refugee Resettlement ("ORR") conducted a home study into Petitioner's proposed sponsor, an uncle residing in Keansburg, New Jersey.  *Id.* ¶¶ 17–18.  ORR concluded that it was in Petitioner's best interest to live with his uncle in Keansburg.  *Id.* ¶ 18; ECF No. 1-2 at 21–22 (Ex. D, ORR Release Notification).  On or about April 16, 2023, ORR released Petitioner to his uncle's care, where he claims that he has resided continuously ever since.  Pet. ¶ 19; and

**WHEREAS** on or about October 20, 2025, Immigration and Customs Enforcement ("ICE") detained Petitioner outside of his home in Keansburg, New Jersey.  *Id.* ¶¶ 3.  He is now detained at the Delaney Hall Detention Facility located in Newark, New Jersey.  *Id.* ¶¶ 3, 6, 26, 32; ECF No. 1-2 at 42–44 (Ex. H, Notice to EOIR).  Petitioner claims that he has not received a bond hearing or any meaningful opportunity to challenge his detention.  Pet. ¶ 33; and

**WHEREAS** Petitioner filed his Petition on November 4, 2025.  Pet.  He raises five claims for relief.  First, he asserts that his detention violates the Trafficking Victims Protection Reauthorization Act (TVPRA) and the *Flores* Settlement Agreement.  *Id.* ¶¶ 36–41.  Second, Petitioner claims that ICE lacks statutory authority to detain Petitioner under 8 U.S.C. § 1226(a) because detention requires an individualized custody determination.  *Id.* ¶¶ 48–57.  Third and relatedly, Petitioner claims that ICE has violated his Due Process rights because aliens detained under § 1226(a) are entitled to bond hearings where the Government bears the burden of proving that detention is justified, and Petitioner has not had an individualized bond hearing.  *Id.* ¶¶ 58–72.  Fourth, Petitioner claims that ICE has violated his Due Process rights by interfering with his

---

[1] An "unaccompanied alien child" is defined as a child who has no lawful immigration status, is under eighteen years of age, and has no parent or legal guardian in the United States available to provide care and physical custody.  *See* 6 U.S.C. § 279(g)(2).

2

access to counsel and the state court where he must pursue his SIJ relief. *Id.* ¶¶ 73–82. Fifth, Petitioner argues that ICE's decision to detain Petitioner constitutes arbitrary and capricious agency action in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A). *Id.* ¶¶ 83–89; and

**WHEREAS** under 28 U.S.C. § 2241(c), a court may extend habeas relief to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates the laws and Constitution of the United States. Therefore, this Court has jurisdiction over his claims. *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement (citation omitted)); *see also Khalil v. Joyce*, 777 F. Supp. 3d 369, 393 (D.N.J. 2025); and

**WHEREAS** Petitioner asserts Respondents incorrectly determined that he is subject to mandatory detention without a bond hearing pursuant to 8 U.S.C. § 1225(b). *See* Reply at 6, 12; Pet. ¶¶ 48–57. Instead, Petitioner asserts that his detention can only be justified pursuant to 8 U.S.C. § 1226(a), which would entitle him to an individualized assessment for release by an immigration judge. Pet. ¶¶ 48–57; *see generally* Reply; and

**WHEREAS** Respondents assert that "Petitioner's detention is lawful under 8 U.S.C. § 1225(b)," because he is a noncitizen who entered the United States without inspection or parole who was detained by immigration authorities without having been lawfully admitted. Answer at

8–14. In particular, Respondents argue that because he is an "applicant for admission," Petitioner is "seeking admission" and thus "his detention is mandatory." *Id.* at 9, 11. In making this argument, Respondents rely on a recent Board of Immigration Appeals ("BIA") opinion that divested immigration judges of jurisdiction to hear bond requests of noncitizens detained pursuant to § 1225(b). *Id.* at 9 (citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)); and

**WHEREAS** this Court has rejected Respondents' arguments in several cases concerning the distinction between § 1225(b) detention and § 1226(a) detention. *See, e.g.*, *Bethancourt Soto v. Soto*, No. 25-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025); *Zumba v. Bondi*, No. 25-14626, 2025 WL 2753496, at *8–9 (D.N.J. Sept. 26, 2025). Respondents acknowledge these decisions, Answer at 11, 14 n.10, and that their arguments are similar to those that the Court rejected in *Zumba*, *see id.* at 11; and

**WHEREAS** this Court agrees with Petitioner and concludes that Petitioner's mandatory detention pursuant to § 1225(b) violates the laws of the United States.[2] In particular, the Court follows the "vast majority of [district] courts confronting this precise issue" in finding that Respondents' reading of § 1225(b) violates the statute's plain text. *Ruiz Perez v. Soto*, No. 25-16871, 2025 WL 3677602, at *2 (D.N.J. Dec. 18, 2025) (citation omitted). For instance, Respondents' reading of the phrase "seeking admission" in § 1225(b), which Respondents invoke to justify Petitioner's mandatory detention, contradicts the phrase's plain meaning. The plain meaning of the phrase "describes active and ongoing conduct—physically attempting to come into

---

[2] Because the Court finds that Petitioner's detention without a bond hearing violates the Immigration and Nationality Act, the Court does not reach his remaining claims. *See Conde v. Jamison*, No. 25-6551, 2025 WL 3499256, at *1 n.2 (E.D. Pa. Dec. 5, 2025); *Bethancourt Soto*, 2025 WL 2976572, at *9 n.6. Petitioner's bond hearing may result in his (at least temporary) release, which would moot these claims. *See Buestan v. Chu*, No. 25-16034, 2025 WL 2972252, at *1 (D.N.J. Oct. 21, 2025).

4

the United States, typically at a border or port of entry and presenting oneself for inspection and authorization." *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399, at *6 (E.D. Pa. Nov. 14, 2025); *see also Bethancourt Soto*, 2025 WL 2976572, at *6. Petitioner—who has been present in the country for over two years and was detained in Keansburg, New Jersey—is not currently seeking admission. *Kashranov*, 2025 WL 3188399, at *6; *Sandhu v. Tsoukaris*, No. 25-14607, 2025 WL 3240810, at *6 (D.N.J. Nov. 20, 2025). Respondents' reading would also render other phrases in the statute superfluous and thereby violate the rule against surplusage. *See* Answer at 11 (arguing that "aliens who are 'applicants for admission' are also aliens who are 'seeking admission'"); *Zumba*, 2025 WL 2753496, at *8 (rejecting a similar argument as violating the rule against surplusage). As such, Respondents are ordered to treat Petitioner as detained under § 1226(a) and provide him with an individualized bond hearing in accordance with 8 C.F.R. § 236.1(c)(8) and (d)(1).

Accordingly, **IT IS** on this 23rd day of December 2025;

**ORDERED** that the Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall treat Petitioner as detained under 28 U.S.C. § 1226(a); and it is further

**ORDERED** that, as soon as practicable but no later than seven (7) days from the date of this Order, Respondents shall provide Petitioner with an individualized bond hearing in accordance with 8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(c)(8), (d)(1) before an immigration judge who shall assess whether he presents a flight risk or a danger to the community; and it is further

**ORDERED** within three (3) business days of that bond hearing, Respondents shall file a written notice of the outcome of that proceeding with the Court; and it is finally

**ORDERED** Petitioner's motion for an order to show cause (ECF No. 6) is **DISMISSED AS MOOT**.

**SO ORDERED**.

>                    */s/ Claire C. Cecchi*
>              **CLAIRE C. CECCHI, U.S.D.J.**